467 P.2d 63

STATE of Arizona, Appellee,

v.

George GILBERT, Appellant.

No. 2031.

Supreme Court of Arizona,
In Banc.

April 1, 1970.

Gary K. Nelson, Atty. Gen., Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Meyer & Wortman, by Dennis J. Wortman, Robert Wertsching, Phoenix, for appellant.

George Gilbert, in pro. per.

LOCKWOOD, Chief Justice.

Defendant was convicted by a jury of the crime of Theft by Embezzlement. He appeals from that conviction and from the sentence of ten to twelve years in prison.

The evidence showed that on February 4, 1967, he brought a 1957 Oldsmobile to the used car lot of Olen Walker in Phoenix, examined a 1958 blue and white Chevrolet Impala there displayed for sale, and proposed to trade the Oldsmobile in on the Impala, if the latter test-drove to his satis-

faction. Walker turned the Impala over to defendant to drive around the block, and defendant never returned. Later investigation showed that even the Oldsmobile's title was not in defendant's name.

The defense was in the nature of an alibi. Defendant's trial attorney, in his opening statement announced that he intended to prove that defendant *"had in his possession* a '58 blue and white Chevrolet as early as Christmas '66." (Emphasis added.)

At the close of the state's evidence defendant and his counsel consulted with the trial judge in the latter's chambers. Defendant wanted his lawyer dismissed and another to be appointed, for the reason that he and his attorney disagreed on the manner of conducting the case. Defendant wanted to call witnesses who would substantiate his story that he had the blue and white Chevrolet before the Christmas preceding the alleged theft. His attorney objected to calling the witnesses because he had talked to them and they were not going to corroborate defendant's testimony. The judge ruled that he would not permit a new attorney to take over in the middle of the trial, but that defendant could either try the rest of the case himself or insist that his attorney call the witnesses. In the latter case the attorney would be permitted to let the record show that the witnesses were called against his advice. Defendant elected to call his brother-in-law, who, on the witness stand denied having knowledge of defendant's ever having a blue and white 1958 Chevrolet.

Appellant has had several changes of counsel since his trial, having expressed his dissatisfaction with each in turn. Appellant was not satisfied with counsel on appeal, so was permitted to file a supplemental brief in propria persona in the appeal.

On appeal, defendant's counsel urges two points: (1) The "conflict of interest" between defendant and his trial counsel which arose during the trial, resulted in a ruling by the court which had the effect of forcing upon the defendant a choice between using "adverse" counsel or using no counsel at all, and (2) The court erred in denying defendant's motion for a mistrial based on the fact that the jury was permitted to see him in manacles.

■ The first point is utterly without merit. We see no reason to describe defendant's relation to his attorney as a conflict of interest. Defendant's attorney was urging defendant not to call certain witnesses because the attorney had talked to them and had good reason to believe they would not testify as defendant expected. Counsel was acting in defendant's interest, not against it. When defendant's brother-in-law was called by defendant against counsel's advice, the advice proved to be correct, as the witness did defendant more harm than good.

Counsel cites the Fifth Amendment to the United States Constitution and the Second Article of the Arizona Constitution as the authority for the proposition that an accused in a criminal case has the right to "appear and defend in person or have the assistance of counsel," and has the right "to refuse to accept representation of counsel." While we agree completely with that proposition, it appears that the trial court's ruling gave defendant the rights to which he was entitled under both constitutions. It is also interesting to note that defendant revealed his real reason for asking for the appointment of a new attorney and stated it to the trial court as follows:

"Your honor, the purpose of my wanting to dismiss counsel is so that I can get further investigation upon several people who seen me in California at the time * * *. I think, with these other people, with further investigation I could prove my innocence, prove my whereabouts. I just need a little more time for investigation."

To this statement, the trial court answered that it was the defendant himself who refused to waive the sixty day period and that fifty-three days had already passed. He also pointed out that notice of alibi was filed long enough before the trial to give

defendant plenty of time for investigation. Defendant's attorney stated to the court that the Public Defender's staff had conducted extensive investigation and research on this case.

■ On the second point, previously decided cases in Arizona do not support his proposition that it is error per se to let the jury see the defendant in handcuffs. Thus in State v. Randolph, 99 Ariz. 253, 408 P.2d 397 we said:

"A motion for a mistrial was made and denied, which is the first assignment of error ·* * *. In State v. George [98 Ariz. 290, 403 P.2d 932], * * * the defendant was actually brought into the courtroom in handcuffs which were then removed. We disapproved of the procedure but found the trial judge had not abused his discretion in denying a mistrial."

In the instant case, as the trial judge very aptly remarked,

"The court personally did not observe the defendant being brought in or led out in handcuffs. I really cannot see any particular prejudice insofar as the defendant is concerned since he has testified before the jury that his present place of residence is the Maricopa County jail * *."

We find no error in the court's ruling denying the defense's motion for a mistrial.

Defendant's brief in propria persona argues two additional points (1):

"When the state failed to bring the appellant up for arraignment within 72 hours after arrest on the felony charge, the appellant was held illegally. The state erred in holding the appellant a total of 34 days in jail without benefit of legal counsel or bond, and by doing so, put in jeopardy his life, liberty and property without due process of law. Making fatal his conviction, thus further making all acts and omission on their part, unlaw- ·ful and illegal."

(2) The identification of the defendant, by the victim of the theft, was in violation

of the principles laid down in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L. Ed.2d 1149 and Gilbert v. California,· 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178.

■ As to the first point the record is not quite clear. However, even if we were to concede that defendant was held without preliminary hearing or arraignment for an unreasonable length of time, such conduct would not, in itself, make all acts thereafter unlawful and void as contended by defendant. State v. Sheffield, 97 Ariz. 61, 396 P.2d 828. An officer who holds an accused an unreasonable length of time may be punished under the statute which makes such conduct a ·misdemeanor (A.R.S. § 13- 545). The accused may secure his release by applying for a writ of habeas corpus, and may maintain a civil action for damages for false imprisonment. State v. Maldonado, 92 Ariz. 70, 373 P.2d 583. But the mere abuse of his rights does not entitle him to a dismissal of the criminal action pending against him. Ibid.

■ Defendant's last contention is that he was .identified in an illegal one-man lineup at which he had no attorney, in violation of the rules laid down in Wade, and Gilbert, supra. He states that at the preliminary hearing he was placed in the courtroom by a deputy sheriff; that while he was seated there *alone* the deputy county attorney brought in the complaining witness, pointed out defendant as the culprit, and told the witness to take a good look at defendant and "remember his face because the witness would certainly see more of it." Defense counsel, says defendant, did not arrive until after this incident.

Defendant argues that this Court "must, in its supervisory seat, evaluate the claim of this appellant, *regardless of the record in preliminary,* because, though it happened in the courtroom, it was outside the hearing of the judge." (Emphasis added.)

We have ruled on attempts to attack in-court identification as being tainted by matters before trial. In State v. Dessureault,

104 Ariz. 380, 453 P.2d 951, rehearing denied, 104 Ariz. 439, 454 P.2d 981 we said:

" * * * if the in-court identification is not challenged at the trial level, it will be presumed thereafter that prior identification procedures did not taint the in-court identification. This presumption we deem conclusive for the obvious reason that all litigation, even criminal, must end at some point. Matters which could have been determined by the mere asking, if not raised, will be deemed settled adversely to the accused." 104 Ariz. at 384, 453 P.2d at 955.

There is no merit to defendant's second point. Judgment affirmed.

STRUCKMEYER, V. C. J., and UDALL, McFARLAND and HAYS, JJ., concur.