474 P.2d 470

The STATE of Arizona, Appellee,

v.

Edward James WRIGHTSIL and Ernest Jones, Appellants.

No. 2 CA–CR 215.

Court of Appeals of Arizona, Division 2.

Sept. 25, 1970.

Rehearing Denied Oct. 28, 1970.

---

**112**

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

Edgar M. Read, Tucson, for appellants.

KRUCKER, Judge.

Edward J. Wrightsil and Ernest Jones were jointly tried in the Superior Court of Pima County, found guilty, and duly sentenced. Jones was convicted of two counts of burglary, second degree, and Wrightsil was convicted of three counts of petty theft with a prior. Defendants appeal their sentences and convictions.

The facts are as follows. Three plain-clothes officers followed defendants, along with two female companions, as they drove to various stores. Defendant Jones was seen to walk into a Bayless market and return with a ham hidden under a bulky sweater thrown over his shoulder. Defendant Wrightsil then drove to a Safeway store. One officer followed defendant Jones inside, where he was seen to pick out a second ham and place it under his sweater. He walked out the door. Two store clerks had seen this and stopped him, whereupon the officer identified himself. Defendants were then arrested, defendant Wrightsil being arrested as the "wheel man". They were tried for the second theft.

The sole question raised by this appeal is whether defendants were denied due process of law because of the long, and we believe, unnecessary delays which, among other things, deprived them of an alleged key witness.

Criminal complaints were filed with Justice of the Peace Joe Jacobson on November 13, 1968, and an arrest warrant issued that date. Defendants were brought before the magistrate at a date not disclosed by the record. It appears that a preliminary hearing was set for 9:00 a. m., December 23, 1968. On that date, the preliminary hearing was continued subject to call because, according to the notes, a court reporter was unavailable.

A preliminary hearing was finally held some seven months later, on June 17, 1969, and the defendants were bound over to superior court.[1]

An information was filed in the superior court on June 11, 1969. Prior to this, defendants had sought a writ of habeas corpus. On April 1, 1969, the superior court had granted the writ to Jones and Wrightsil and ordered:

"IT IS ORDERED the defendants Ernest Jones and Edward James Wrightsel [sic] be released from incarceration on the charges in Cause No. 7147 on their own recognizance to answer to such oth-

---

1. Jones actually waived his preliminary hearing on that date, but both defendants were bound over at the end of Wright-sil's hearing. In either case, the time delay had affected both.

er charges at the time and place indicated by the court."

The Constitution of the State of Arizona, Art. 2 § 24, A.R.S., guarantees a speedy trial to any person charged with a crime. Rule 236, Rules of Criminal Procedure, 17 A.R.S., implements the constitutional provision and provides for a speedy trial for a person held to answer for a crime. As stated in State v. Maldonado, 92 Ariz. 70, 373 P.2d 583 (1962):

"* * * (Rule 236) of the constitutional provision defined speedy trial in terms of time elapsed after commitment by a magistrate rather than after arrest. * * *" 92 Ariz. at 75, 373 P.2d at 586. *See also*, State v. Sheffield, 97 Ariz. 61, 396 P.2d 828 (1964), and as stated by Chief Justice Lockwood in the very recent case of State v. Gilbert, 105 Ariz. 475, 467 P.2d 63 (1970):

"* * * However, even if we were to concede that defendant was held without preliminary hearing or arraignment for an unreasonable length of time, such conduct would not, in itself, make all acts thereafter unlawful and void as contended by defendant. * * *" 467 P.2d at 65.

We are then faced with the second part of the question as to whether the delay in holding the preliminary hearing and the death of the prospective witness, Myrtle Ward, amounted to a denial of due process.

At the start of the trial, defendants' counsel made a motion to quash because of the delay in holding the preliminary hearing, and made an offer of proof that a Myrtle Ward had been murdered during the delay in holding the preliminary hearing. They offered to prove that she would have testified that she furnished the car to defendants here and that no conversation about a crime had occurred, and that she had requested defendants to buy hams. The trial court ruled that the purported testimony in the offer of proof was hearsay and denied the motion. We agree with the trial court's rejection of the evidence. The testimony of the witness would have

been immaterial to whether defendants in fact were seen taking the hams. We thus find no prejudice to defendant or denial of due process. As stated in *Maldonado,* supra:

"Nothing in this opinion, however, should be construed to indicate this court's condonation of the abuse of authority committed in this case. It is because there was a complete absence of any resulting prejudice to defendant's right to a fair trial that the judgment of conviction should be and is affirmed." 92 Ariz. at 77, 373 P.2d at 587.

For the reasons stated herein, judgment of the trial court is affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.