867 P.2d 978

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Patrick Allen SHILOFF, Defendant–Appellant.**

**No. 19877–19879.**

Supreme Court of Idaho,
Boise, Dec. 1993 Term.

Jan. 18, 1994.

Alan E. Trimming, Ada County Public Defender, Steven A. Botimer, Boise, for defendant-appellant.

Larry Echohawk, Atty. Gen., and Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Justice.

Patrick Allen Shiloff appeals from his judgment of conviction wherein he was sentenced to seven years with two years fixed on three counts of grand theft, and five years with two years fixed on one count of fraudulent use of a financial transaction card. Shiloff also appeals from the orders denying his I.C.R. 35 motions to reduce his sentences. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Shiloff was a defendant in three criminal cases. In case No. 18455 Shiloff was charged with two counts of grand theft for wrongfully taking property worth more than $150 (a dump truck, a backhoe, tools, and a motor boat). In case No. 18557 Shiloff was charged with one count of grand theft for taking property worth more than $150 (a road grader). In case No. 18694 Shiloff was charged with one count of felony forgery for passing a $45 check which he knew to be forged, and one count of felony fraudulent use of a financial transaction card for unlawfully using another person's credit card to purchase items worth more than $150.

Shiloff pled guilty to the three grand theft counts in cases Nos. 18455 and 18557, and the one count of fraudulent use of a financial transaction card in case No. 18694. After receiving a presentence report and hearing testimony of Shiloff, witnesses in aggravation, and the recommendations of counsel, the district court pronounced sentence in all three cases, imposing concurrent unified sentences of seven years with two years fixed on each of the four counts to which Shiloff pled guilty.

Shiloff filed a timely appeal in each case, asserting that the district court abused its discretion by imposing unreasonably harsh sentences. Also, in each case, Shiloff filed I.C.R. 35 motions requesting that his sentences be reduced. After a hearing, the district court denied the Rule 35 motions. The three cases were subsequently consolidated for the purposes of this appeal.

## ANALYSIS

One of the issues raised by Shiloff on appeal was the legality of his two-to-seven year sentence for fraudulent use of a financial transaction card. Shiloff asserted that this sentence was illegal because the maximum sentence of incarceration for that crime is five years in prison. I.C. § 18–3127. In his reply brief, Shiloff withdrew this issue from consideration, noting that the issue had since been raised on motion to the district court and the district court had corrected the error, reducing the maximum term of confinement on that sentence to a period of five years. Thus, only two issues remain for this Court to decide: (1) whether Shiloff's sentences constitute an abuse of the district court's discretion; and (2) whether the district court abused its discretion in denying Shiloff's motions to reduce the sentences.

1. *Review of District Court's Sentencing Discretion.*

▬▬ Because Shiloff's sentences are within the statutory limits, Shiloff carries the burden of establishing that his sentences represent a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992). A sentence may represent such an abuse if it is shown to be unreasonable on the facts of the case. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). A period of confinement is reasonable if, at the time of sentencing, it appears necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Broadhead,* 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown,* 121 Idaho 385, 825 P.2d 482 (1992) (quoting *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982)). In determining whether a period of confinement appears necessary to accomplish these objectives, we conduct an independent review of the record, focusing on the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). "[W]e will not substitute our view for that of a sentencing judge where reasonable

minds might differ." *Broadhead,* 120 Idaho at 146, 814 P.2d at 406 (quoting *Toohill,* 103 Idaho at 568, 650 P.2d at 710). Because we consider the fixed portion of the sentence imposed to be the term of confinement for the purpose of appellate review, *Broadhead,* 120 Idaho at 146, 814 P.2d at 406; *State v. Kysar,* 116 Idaho 992, 999, 783 P.2d 859, 866 (1989), the question we must decide is whether Shiloff's sentence of two years' confinement is unduly harsh in light of his character, the nature of his offense, and the goals of sentencing, i.e., protection of society, deterrence of future crimes, rehabilitation and retribution. *Broadhead,* 120 Idaho at 146, 814 P.2d at 406; *Wolfe,* 99 Idaho at 384, 582 P.2d at 730.

The record reveals the following with respect to Shiloff's character and the nature of his offenses. In July of 1991, Shiloff purchased a jet ski boat from Dick Eldredge for $2,800, using the fictitious name of Patrick Mrender, and a phony deposit slip which he represented was a valid counter check. In August of 1991, Shiloff made unauthorized use of his girlfriend's mother's credit card in approximately twelve different transactions, purchasing over $2,000 of merchandise. In late September, 1991, Shiloff purchased a road grader from M.C. Stanley for $1,060 using a phony counter check. A couple of days later Shiloff, using the fictitious name of Mike McMillan and a fictitious address and phone number, gave Cliff Olson a phony check of $10,000 for a dump truck and backhoe. The record shows that Shiloff retained possession of all these vehicles and equipment even after the owners discovered that the counter checks were invalid, and that when he found out his victims might be able to get their property back he caused serious damage to the boat, dump truck and backhoe.

The district judge determined that the number and value of Shiloff's offenses demonstrated a serious pattern of criminal activity. The judge noted that by the nature of these offenses—multiple crimes over a lengthy period of time, using multiple aliases, making deliberate choices to deceive others to gain advantage—Shiloff presented a much higher risk to reoffend than persons who

steal from others on a momentary impulse. Shiloff's assertion on appeal that the district judge did not give enough consideration to the role which alcohol played in his offenses is without merit. The district court expressly distinguished Shiloff's offenses from those of persons who get drunk and help themselves to something that doesn't belong to them, concluding that these were "thought-out, deliberate patterns of fraud," and that Shiloff was "busily perpetrating all sorts of scams" and "engaged in the business of cheating people." The district judge expressly found that there was no justification or excuse for Shiloff's deceitful conduct, and found it particularly inexcusable that in addition to cheating the victims out of their property, when Shiloff learned he was under investigation and the victims might be able to get their property back, he destroyed much of it. These findings are supported by the record.

The record also shows that Shiloff had prior misdemeanor convictions for writing an insufficient funds check and driving under the influence.

The district court determined that based on the seriousness of the offenses and Shiloff's risk of reoffense, a sentence was warranted which would punish Shiloff for his crimes and hopefully deter such conduct in the future, while protecting society from further offenses by Shiloff for a minimum of two years. The record shows that the district court properly considered Shiloff's character and the nature of his offenses in light of the objectives of sentencing: protection of society, deterrence, rehabilitation and punishment. Because Shiloff's sentences are reasonable in light of these factors, the district court did not abuse its sentencing discretion.

2. *Review of Ruling on Rule 35 Motions.*

Shiloff asserts the district court abused its discretion by denying his motions to reduce his sentences. A motion to reduce an otherwise lawful sentence is addressed to the sound discretion of the sentencing court. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976). Such a motion is essentially a plea for leniency, which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The standards for reviewing denial of a motion to reduce sentence under Rule 35 are the same as the standards, articulated above, for evaluating whether the original sentence was excessive. *State v. Snapp,* 113 Idaho 350, 351, 743 P.2d 1003, 1004 (Ct.App.1987). However, in reviewing denial of a Rule 35 motion, we not only examine the record extant at the time of the original sentencing, we also examine any additional information subsequently presented to the district court in support of the motion. *Id.*

We have already concluded that Shiloff's sentences were reasonable when imposed. Shiloff has failed to show that his sentences are unreasonable in light of any new or additional information presented with his motion for reduction. Accordingly, we hold that the district court did not abuse its discretion in denying the motion.

McDEVITT, C.J., and BISTLINE, JOHNSON and TROUT, JJ., concur.