106 P.3d 397

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Linda Lee JAFEK, Defendant–Appellant.**

No. 29322.

Supreme Court of Idaho,
Boise, November 2004 Term.

Jan. 28, 2005.

Molly J. Huskey, State Appellate Public Defender, Boise, for appellant. Jason C. Pintler argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Rebekah A. Cude' argued.

TROUT, Justice.

Appellant, Linda Lee Jafek, appeals a judgment of conviction and order of commitment, arguing the State was bound by a plea agreement, despite her failure to appear at the original sentencing. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Jafek was charged with possession of methamphetamine with the intent to deliver. At the time set for the preliminary hearing, she failed to appear. The preliminary hearing was then re-scheduled but that hearing was continued because she appeared for the hearing intoxicated. She was placed in jail and subsequently waived her right to a preliminary hearing. After negotiations between the prosecutor and her counsel, a plea agreement was reached and Jafek then pled guilty. The relevant terms of the plea agreement required Jafek to plead guilty to the charge in exchange for the State's agreement to recommend a sentence of two years fixed and an indeterminate sentence of four years, together with retained jurisdiction. There

was no agreement that the district court would be bound by the sentencing recommendation.

Jafek subsequently bonded out of jail and then failed to appear at the time set for sentencing. The district court issued a bench warrant and Jafek was subsequently arrested. At the re-scheduled sentencing hearing, the prosecution recommended "a four to nine year sentence" and stated a rider was not appropriate. Jafek's attorney did not object to the prosecution's sentencing recommendations and, indeed, mentioned that the State was no longer bound because of her failure to appear. The district court sentenced Jafek to a unified term of five years with two and one-half years fixed and refused to retain jurisdiction. Jafek filed a Motion for Reduction of Sentence pursuant to I.C.R. 35 and the district court denied the motion. Jafek then filed a timely appeal, arguing that the State breached the plea agreement.

## II.

## STANDARD OF REVIEW

Whether a plea agreement has been breached is a question of law to be reviewed by this Court *de novo*, in accordance with contract law standards. *See State v. Barnett*, 133 Idaho 231, 234, 985 P.2d 111, 114 (1999); *United States v. Bunner*, 134 F.3d 1000, 1003 (10th Cir.1998). This Court must consider contractual terms that are implied by the plea agreement as well as those expressly provided. *Bunner*, 134 F.3d at 1003; *See also, State v. Doe*, 138 Idaho 409, 410, 64 P.3d 335, 336. Absent a showing of a clear abuse of discretion, a sentence within statutory limits will not be disturbed on appeal. *State v. Hedger*, 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989) (citations omitted). "The standards for reviewing denial of a motion to reduce sentence under Rule 35 are the same as the standards ... for evaluating whether the original sentence was excessive." *State v. Shiloff*, 125 Idaho 104, 107, 867 P.2d 978, 981 (1994).

## III. ANALYSIS

### A. Failure to object

■ Preliminarily, Jafek's failure to object or raise the issue of whether the State was bound by the plea agreement at sentencing would normally preclude this Court from addressing the issue because issues not raised below may not be considered for the first time on appeal. *State v. Fodge,* 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). However, "[i]n the case of fundamental error in a criminal case the Supreme Court may consider the same even though no objection ha[s] been made at ... trial." *State v. Haggard,* 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). Because a claim that the State breached a plea agreement affects whether the agreement was knowingly or voluntarily entered, it "goes to the foundation or basis of a defendant's rights...." *State v. Knowlton,* 123 Idaho 916, 918, 854 P.2d 259, 261 (1993). Therefore, it is fundamental error and can be raised for the first time on appeal. *See State v. Rutherford,* 107 Idaho 910, 915, 693 P.2d 1112, 1117 (Ct.App.1985).

### B. Plea agreement

■ The next issue is whether the State was bound by the plea agreement after Jafek failed to appear at her sentencing hearing. A defendant ·is constitutionally entitled to relief when the State· breaches a promise made to him in return for a plea of guilty. *Berg v. State,* 131 Idaho 517, 519, 960 P.2d 738, 740 (1998) (citations omitted). When the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise and hence, his conviction cannot stand. *Id.* (citations omitted). It is important to note that Jafek is not seeking to withdraw her plea; rather, she merely seeks specific performance of the plea agreement.

■ A defendant is also bound by a plea agreement. "If the condition upon which the prosecution's promised sentencing recommendation was based fails, the prosecution is not obligated to perform the agreement." *Berg,* 131 Idaho at 519, 960 P.2d at 740 (citations omitted). In *Berg,* the defendant pled guilty in exchange for several things, including the State's agreement to recommend the defendant be released on his own recognizance pending sentencing and to recommend retained jurisdiction at sentencing. The defendant failed to appear at the sentencing hearing and the court ordered a bench warrant issued for his arrest. Berg was eventually found in California and extradited back to Idaho. This Court stated:

> [I]t was implicit in the agreement that [the defendant] must appear at the sentencing hearing. To carry out the purpose of the agreement—a lighter sentence in exchange for a guilty plea—it was essential that [the defendant] appear at the sentencing hearing to accept his sentence.

*Berg,* 131 Idaho at 519–520, 960 P.2d at 740–741. In essence, part of pleading guilty pursuant to a plea agreement, is receiving the benefits of the agreement at sentencing for the crime to which the defendant has admitted guilt. Generally a defendant cannot receive a sentence unless he attends the sentencing hearing and consequently, failing to attend sentencing constitutes a breach of the plea agreement by the defendant.

In this case, Jafek promised to accept her sentence when she entered the plea agreement. Like the defendant in *Berg,* Jafek did not perform her part of the plea agreement to plead guilty to the charge because she did not attend the sentencing hearing. The prosecution is not obligated to perform a plea agreement "[i]f the condition upon which the prosecution's promised sentencing recommendation was based fails...." *Berg,* 131 Idaho at 519, 960 P.2d at 740. Therefore, at the time the State appeared and argued for an appropriate sentence, it was no longer obligated under the plea agreement to recommend a sentence of "two to four years with a rider." Thus, no error was committed when the State recommended a harsher sentence for Jafek.

### C. Retained jurisdiction

■ Because Jafek's sentence is within the statutory limits, Jafek carries the burden of establishing that her sentence represents a clear abuse of discretion. *State v. Shiloff,* 125 Idaho 104, 106, 867 P.2d 978, 980 (1994).

When an exercise of discretion is reviewed on appeal, the appellate court conducts a multi-tiered inquiry. The sequence of the inquiry is (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason.

*State v. Hedger,* 115 Idaho 598, 604, 768 P.2d 1331, 1337 (1989).

■ In this case, the district judge correctly exercised his discretion in acknowledging the option of retained jurisdiction, but then articulating the reasons why he felt it was not a good option under the circumstances. The judge explained that the retained jurisdiction program was based on trust and that Jafek had demonstrated she was not a candidate for the program based on her conduct in failing to appear at both the preliminary hearing and for sentencing. Accordingly, there was no abuse of discretion in refusing to retain jurisdiction.

### D. Motion for reduction of sentence

■ Jafek argues the district court abused its discretion by denying Jafek's Motion for Reduction of Sentence. "A motion to reduce a sentence pursuant to I.C.R. 35 is essentially a plea of leniency, and a decision on such a motion is vested within the sound discretion of the sentencing court." *State v. Wersland,* 125 Idaho 499, 504, 873 P.2d 144, 149 (1994) (citations omitted). Jafek admits that no new or additional information was presented in support of the motion. Because we conclude Jafek's sentence was reasonable when imposed, the district court did not abuse its discretion in denying the Rule 35 motion.

### IV. CONCLUSION

Jafek's failure to appear at the time originally set for sentencing released the State from its obligation under the plea agreement to make a particular sentencing recommendation. The district court did not abuse its discretion in refusing to retain jurisdiction

and denying Jafek's Rule 35 motion. The judgment of the district court is affirmed.

Chief Justice SCHROEDER and Justices KIDWELL, EISMANN and BURDICK concur.