**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50844**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: December 18, 2024** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| DILLON BRUMBAUGH McGARVEY, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Mark T. Monson, District Judge.

Judgment of conviction, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Amy J. Lavin, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Dillon Brumbaugh McGarvey appeals from the district court's judgment of conviction for felony possession of a controlled substance. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Pursuant to an Idaho Criminal Rule 11 plea agreement, McGarvey pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c)(1). In exchange for his guilty plea, other charges were dismissed. The plea agreement provided that the district court "shall sentence" McGarvey to a unified term of four years with two years determinate, suspended, and four years of probation. If McGarvey failed to uphold any term contained in the plea agreement, the agreement would become "null and void." McGarvey told the district judge he understood the terms and conditions of the agreement. The district court accepted the plea, finding McGarvey

1

entered it knowingly, intelligently, and voluntarily. McGarvey failed to complete the presentence investigation or appear for sentencing, both of which were required by the terms of the plea agreement. The district court found McGarvey breached the plea agreement. The district court sentenced McGarvey to a unified term of four years with two years determinate and retained jurisdiction instead of imposing the previously agreed period of probation. McGarvey appeals.

## II.

## STANDARD OF REVIEW

This Court analyzes the terms of a plea agreement as it would a contract; in so doing, it looks to the contractual terms of a plea agreement. *State v. Jafek*, 141 Idaho 71, 73, 106 P.3d 397, 399 (2005). "Interpretation of an unambiguous document is a question of law, reviewed *de novo*." *State v. Claxton*, 128 Idaho 782, 785, 918 P.2d 1227, 1230 (Ct. App. 1996). Likewise, whether a plea agreement has been breached is a question of law to be reviewed by the appellate court de novo, in accordance with contract law standards. *State v. Gomez*, 153 Idaho 253, 255, 281 P.3d 90, 92 (2012).

## III.

## ANALYSIS

McGarvey argues the district court erred when it did not provide him with an opportunity to withdraw his guilty plea after the district court found McGarvey breached the terms of the plea agreement. Alternatively, McGarvey argues that under the particular terms of the plea agreement, upon his breach, the agreement became null and void and he was, therefore, entitled to be placed in the same position as he was prior to the plea. McGarvey argues the provision in Paragraph 16, that "the above Agreement is null and void" upon Mr. McGarvey's failure to uphold any promises he made, including the promise to appear for subsequent proceedings, plainly means "that, upon his breach, it would be as if the agreement never existed." The State argues that McGarvey failed to preserve the issue of whether he should have been able to withdraw his guilty plea or that the agreement's null and void provision returned him to the position prior to his plea. Alternatively, the State contends the district court did not err by failing to give McGarvey an opportunity to withdraw his plea or otherwise enforce the terms of the plea agreement.

McGarvey did not preserve the issues he raises on appeal. McGarvey did not argue to the district court that he should be given the opportunity or right to withdraw his plea of guilty or that the plea agreement became null and void upon his failure to appear. Appellate review is limited

2

to the arguments presented to the trial court. *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017); *see also State v. Papse*, 167 Idaho 429, 431, 470 P.3d 1238, 1240 (Ct. App. 2020). Additionally, an issue conceded in the trial court is not preserved for appeal. *State v. Cohagan*, 162 Idaho 717, 721, 404 P.3d 659, 663 (2017).

At the status conference prior to the sentencing hearing, McGarvey told the district court that he wanted to proceed with the presentence investigation and understood that the State may no longer be bound by the agreement. McGarvey added that he "would ask that the State be bound by the Agreement even if the Court does not have to follow that." McGarvey did not move to withdraw his guilty plea or argue that the district court was required to provide such an opportunity under I.C.R. 11(f)(4). The district court did not address or analyze the applicability of I.C.R. 11(f)(4). Similarly, McGarvey did not raise any issue at the status conference that the plea agreement was null and void.

At the sentencing hearing, although McGarvey said he was under the impression he would have the opportunity to withdraw his guilty plea, the district court explained to McGarvey in detail how the situation had changed. When asked directly whether he knew of any legal reason why he should not be sentenced, McGarvey said he did not. McGarvey was also asked whether he had good cause for his failure to appear at his sentencing hearing to which he also responded that he did not. Instead, McGarvey conceded that he shot himself in the foot when he breached his plea agreement. On appeal, to the contrary, McGarvey now argues that, by its terms, the plea agreement was null and void because of his breach. The contractual argument was not presented in the district court. As a result, the issues raised on appeal were neither presented to nor addressed by the district court and are not preserved.

## IV.

## CONCLUSION

McGarvey did not preserve the issues on appeal. Therefore, McGarvey's conviction of felony possession of a controlled substance is affirmed.

Judge HUSKEY and Judge TRIBE **CONCUR**.