896 P.2d 970

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Jens Randall DAVIS, Defendant–Appellant.**

No. 20953.

Supreme Court of Idaho, Boise, February 1995 Term.

May 24, 1995.

Manweiler, Bevis & Cameron, Boise, for appellant. David D. Manweiler argued.

Alan G. Lance, Atty. Gen., Michael A. Henderson, Deputy Atty. Gen., and Shawna

Dunn, Legal Intern, Boise, for respondent. Shawna Dunn argued.

JOHNSON, Justice.

This is a spousal rape case. We do not address whether the trial court properly allowed testimony of a social worker concerning battered woman syndrome and post-traumatic stress disorder, because this issue was not preserved for appeal and would not be fundamental error. We hold that the trial court did not abuse its discretion in denying a new trial based on newly discovered evidence, and we uphold a fixed three-year sentence as not unreasonable.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS.

Jens Randall Davis (Randy) was charged with raping his estranged wife, Teresa Davis (Terri). Initially, Randy pleaded guilty to the charge. At Randy's request, the trial court allowed him to withdraw his guilty plea and proceed to trial.

At trial, Terri testified that she did not consent to having sex with Randy. Randy testified that Terri consented. On cross-examination, the prosecutor questioned Randy about admissions he made when he pleaded guilty:

Q: And do you recall testifying, "I opened the door, I went in there, and I stopped her from slicing her wrist. She got her finger cut and the side of her hand and she was getting ready to slice her wrist. And I took the razor away from her. Then I started talking. We started yelling at each other. And I calmed down, and then I forced myself on her."?

A: Yes, that's correct. That's what I said at the—that's what I said to plead guilty.

\* \* \* \* \* \*

Q: You lied after you had been placed under oath in a district court of Idaho, that you forced yourself on your wife?

A: I embellished.

The trial court admitted, without objection, testimony of a social worker that Terri suffered from battered woman syndrome and post-traumatic stress disorder.

The jury convicted Randy of rape, and the trial court sentenced him to a prison term of ten years, with the first three years fixed. The trial court also ordered Randy to pay restitution.

Randy moved for a new trial based on: (1) the trial court's admission of the testimony of the social worker concerning battered woman syndrome and post-traumatic stress disorder, and (2) newly discovered evidence. Randy alleged that the newly discovered evidence consisted of statements made by Terri two days after the alleged rape that she consented to sex with Randy, and prior false allegations of rape by Terri against Randy's brother. The trial court denied the motion for new trial. Randy appealed.

## II.

## THE ISSUE CONCERNING THE TESTIMONY OF THE SOCIAL WORKER WAS NOT PRESERVED FOR APPEAL, AND ANY ERROR IN THE ADMISSION OF THIS TESTIMONY WOULD NOT BE FUNDAMENTAL ERROR.

■ Randy asserts that the trial court should not have allowed the social worker to testify that Terri suffered from battered woman syndrome and post-traumatic stress disorder. We decline the invitation to address this issue because Randy's trial counsel did not object to the testimony, and because any error in the admission of this testimony would not be fundamental error.

■ By failing to object at trial, Randy has not preserved the right to raise on appeal whether the trial court abused its discretion by admitting Moore's testimony. *State v. Higgins,* 122 Idaho 590, 596, 836 P.2d 536, 542 (1992). Raising the issue in the motion for new trial is not sufficient to preserve it for appeal. *Id.* at 596, 836 P.2d at 542.

■ Therefore, on appeal Randy must demonstrate that an error in the admission of the testimony would be fundamental error. *State v. Sarabia,* 125 Idaho 815, 818, 875 P.2d 227, 230 (1994). In *Higgins,* the Court reaffirmed that error in the admission of expert testimony is not fundamental error. 122 Idaho at 596, 836 P.2d at 542.

## III.

## THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN DENYING THE MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE.

■ Randy asserts that the trial court abused its discretion by refusing to grant his *motion for a new trial based on newly discovered evidence. We disagree.

The primary evidence upon which Randy relies is an affidavit by his mother stating that shortly after the alleged rape Terri told Randy's mother that she had consented to having sex with Randy. Randy also attempts to rely on an affidavit by his brother stating that Terri had previously falsely accused the brother of rape.

We first note that the only evidence the trial court considered on Randy's motion for a new trial was his mother's affidavit. Randy did not refer to his brother's affidavit in the memorandum in support of the motion, nor was his brother's affidavit submitted with that motion. Randy did ask the trial court "to take a look at the other affidavits submitted on behalf of Defendant at sentencing." Among these "other affidavits" was an affidavit of Randy's brother. The trial court addressed this request by noting that Randy did not demonstrate "which statements, if any" by the "other unnamed witnesses" alluded to in the motion "were unknown to the defense prior to trial and what materiality they might have." The brother's affidavit is not in the record presented on appeal. Therefore, we address the issue of the denial of a new trial based only on the affidavit of Randy's mother.

The grounds for a new trial are set forth in I.C. § 19–2406 and include the discovery of material new evidence that could not with reasonable diligence have been discovered

and produced at trial. I.C. § 19–2406(7) (1987). A trial court may grant a defendant a new trial "if required in the interest of justice." I.C.R. 34 (1994). In *State v. Lankford*, 116 Idaho 860, 781 P.2d 197 (1989), the Court harmonized the application of the statutory grounds and the standard stated in the rule: "The trial judge does not abuse his or her discretion unless a new trial is granted for a reason that is not delineated in the code or unless the decision to grant or deny a new trial is manifestly contrary to the interest of justice." *Id.* at 873, 781 P.2d at 210. There is no independent ground for a new trial based on "the interest of justice." This phrase only states a standard to be applied by the trial court in considering the statutory grounds.

 To determine whether a trial court abused its discretion in ruling on a motion for new trial, we inquire whether the trial court:

(1) correctly perceived the issue as one involving the exercise of discretion,

(2) acted within the outer boundaries of its discretion and consistently with any legal standards applicable to the specific choices it had, and

(3) reached its decision by an exercise of reason.

*State v. Powell*, 125 Idaho 889, 891, 876 P.2d 587, 589 (1994).

In denying Randy's motion for new trial, the trial court correctly perceived its decision as one involving the exercise of discretion, reached its decision by an exercise of reason, and applied the correct legal standard, which is the four-part test in *State v. Drapeau*, 97 Idaho 685, 691, 551 P.2d 972, 978 (1976). Therefore, the trial court did not abuse its discretion in denying Randy's motion for a new trial.

### IV.

### THE SENTENCE WAS NOT UNREASONABLE.

Randy asserts that he received an unreasonable sentence. We disagree.

 To determine if the sentence was unreasonable we first use the fixed portion of the sentence as the term of confinement for purposes of appellate review. *State v. Griffin*, 122 Idaho 733, 741, 838 P.2d 862, 870 (1992). We then must determine whether, considering the goals of sentencing, the sentence was excessive under any reasonable view of the facts. *Id.* In imposing the sentence, the trial court focused on the sentencing goal of the protection of society. We conclude that reasonable minds might differ as to whether three years, or some lesser fixed term, is necessary to protect society from further criminal acts by Randy. Therefore, we conclude that the sentence was not unreasonable.

### V.

### CONCLUSION.

We affirm the conviction and the sentence.

McDEVITT, C.J., TROUT and SILAK, JJ., and TRANSTRUM, J. Pro Tem., concur.