931 P.2d 1191

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Felipe CANTU, a/k/a Josias Hernandez, Defendant–Respondent.**

No. 22349.

Supreme Court of Idaho, Boise, November 1996 Term.

Jan. 22, 1997.

---

trolled substance. The same attorney was appointed to represent both Cantu and Reyes. Prior to trial, the prosecutor approached the defense attorney and indicated that, if one of the defendants would plead guilty and agree to testify against the other, the prosecutor would recommend some type of a reduced sentence. Apparently, the defense attorney spoke individually with each defendant, however neither was willing to accept the agreement. The case went to trial, and a jury convicted Cantu.

After trial, Cantu filed a motion for new trial pursuant to I.C.R. 34, contending that he had received ineffective assistance of counsel in pretrial negotiations because of his attorney's conflict of interest. The district court agreed that there was an actual conflict and granted Cantu's motion for new trial. The State now appeals that ruling.

## II.

### TRIAL ISSUES

#### A. Standard of review

When reviewing a trial court's ruling on a motion for new trial, this Court applies an abuse of discretion standard. *State v. Davis*, 127 Idaho 62, 896 P.2d 970 (1995). A trial court has wide discretion to grant or refuse to grant a new trial, and, on appeal, this Court will not disturb that exercise of discretion, absent a showing of manifest abuse. *State v. Olin*, 103 Idaho 391, 648 P.2d 203 (1982). In *State v. Hedger*, 115 Idaho 598, 768 P.2d 1331 (1989), this Court set out the test for evaluating whether a trial court has abused its discretion:

> (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason.

*Id.* at 600, 768 P.2d at 1333 (quoting *Associates Northwest, Inc. v. Beets*, 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct.App.1987)).

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General (argued), Boise, for appellant.

Jensen & Burr–Jones, Burley, for respondent. A. Elizabeth Burr–Jones argued.

PER CURIAM.

## I.

## BACKGROUND AND PRIOR PROCEEDINGS

Felipe Cantu (Cantu) was charged with eleven controlled substance-related offenses, six of which included charges of conspiring with Rosario Reyes (Reyes) to deliver a con-

## B. Motion for new trial

The only issue on appeal is whether the district court erred when it granted the new trial on the ground of ineffective assistance of counsel. That is not one of the grounds listed in I.C. § 19–2406 for granting a new trial. The district court, nonetheless, reasoned that it was permitted to grant a new trial under the I.C.R. 34 standard, which allows the granting of a new trial "if required in the interest of justice." I.C.R. 34.

We have concluded on prior occasions that I.C. § 19–2406 sets forth the only grounds permitting the grant of a new trial and, therefore, limits the instances in which the trial court's discretion may be exercised. *State v. Gomez,* 126 Idaho 83, 878 P.2d 782 (1994); *State v. Lankford,* 116 Idaho 860, 781 P.2d 197 (1989), *cert. denied,* 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 803 (1990). Although I.C.R. 34 allows a trial court to grant a new trial "if required in the interest of justice," this Court has concluded that I.C.R. 34 does not provide an independent ground for a new trial. *State v. Davis,* 127 Idaho 62, 896 P.2d 970 (1995). Rather, I.C.R. 34 simply states the standard that the trial court must apply when it considers the statutory grounds. *Id.* at 65, 896 P.2d at 973.

### III.

### CONCLUSION

In light of our decisions in *Gomez, Lankford,* and *Davis,* we have determined that the district court abused its discretion when it granted a new trial on a ground that is not listed in I.C. § 19–2406. Thus, the district court's ruling is reversed, and the case is remanded for further proceedings consistent with this opinion.