77 P.3d 124

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Jose LOPEZ, Defendant–Respondent.**

No. 28475.

Court of Appeals of Idaho.

Sept. 9, 2003.

potential conflict in the representation of Lopez; that the same firm had represented the victim, Michael Freeman, in a criminal matter eleven years earlier. Concerned that a real conflict existed, the district court appointed a public defender to advise Lopez on whether the conflict should be waived. After consulting with the public defender, Lopez waived the conflict and the matter went to trial. The jury found Lopez guilty of the lesser included offense of aggravated battery, I.C. §§ 18–903, 907, 908, and Lopez thereafter filed a motion for a judgment of acquittal or in the alternative, for a new trial. The district court denied the motion for acquittal, but granted a new trial based on the court's conclusion that it had not adequately inquired into the conflict and had improperly determined the conflict to be waivable. The state appeals.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for appellant. Kenneth K. Jorgensen argued.

Molly J. Huskey, State Appellate Public Defender; Charles Isaac Wadams, Deputy Appellate Public Defender, Boise, for respondent. Charles Isaac Wadams argued.

GUTIERREZ, Judge.

Jose Lopez was charged with second degree attempted murder, and with use of a firearm in the commission of a felony. After trial, the jury found Lopez guilty of the lesser included offense of aggravated battery. However, the district court then ordered a new trial, determining that it had erred in the decision of a question of law regarding a possible conflict involving the representation of Lopez. On appeal the state argues the district court erred in granting a new trial. We reverse and remand.

## I.

### FACTS AND PROCEDURE

Jose Lopez was charged with attempted murder and with use of a firearm in the commission of a felony. Prior to trial, defense counsel informed the district court of a

## II.

### STANDARD OF REVIEW

The decision of whether to grant a new trial rests in the sound discretion of the trial court. *State v. Priest*, 128 Idaho 6, 15, 909 P.2d 624, 633 (Ct.App.1995). This Court will not reverse the trial court's decision on such a motion absent a showing of abuse of discretion. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

## III.

### ANALYSIS

The state argues that ineffective assistance of counsel based on a conflict in the representation of Lopez is not a ground upon which a new trial may be granted. Lopez argues that the district court possessed authority to grant a new trial to correct the

court's prior error in the determination of a question of law. Additionally, Lopez argues that the order may be upheld based on alternative grounds of either inconsistent verdicts or discovery of new evidence. Thus, we are presented with the questions: (1) whether a motion for new trial may be granted for ineffective assistance of counsel based upon a conflict of interest; (2) whether a new trial may be granted because the district court erred in deciding a question of law regarding its inquiry into the potential conflict and in determining that the conflict could be waived; and (3) whether the grant of a new trial may be upheld based on the alternate grounds of either inconsistent verdicts or newly discovered evidence.

Idaho Code § 19–2406 provides in relevant part:

When a verdict has been rendered against the defendant the court may, upon his application, grant a new trial in the following cases only:

. . . .

4. When the verdict has been decided by lot or by any means other than a fair expression of opinion on the part of all the jurors.

5. When the court has misdirected the jury in a matter of law, or has erred in the decision of any question of law arising during the course of the trial.

. . . .

7. When new evidence is discovered material to the defendant, and which he could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly-discovered evidence, the defendant must produce at the hearing in support thereof the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits the court may postpone the hearing of the motion for such length of time as, under all the circumstances of the case, may seem reasonable.

■ While a decision of whether to grant a new trial is a discretionary matter for the trial judge, I.C. § 19–2406 is an all-inclusive list of the instances where that discretion may be exercised. See State v. Gomez, 126 Idaho 83, 86, 878 P.2d 782, 785 (1994); State v. Lankford, 116 Idaho 860, 873, 781 P.2d 197, 210 (1989); State v. Laws, 94 Idaho 200, 204 n. 2, 485 P.2d 144, 148 n. 2 (1971).

## A. Ineffective Assistance of Counsel

■ First, we consider the state's argument that ineffective assistance of counsel is not grounds for granting a new trial under I.C. § 19–2406. State v. Cantu, 129 Idaho 673, 931 P.2d 1191 (1997), holds that ineffective assistance of counsel does not provide a ground for new trial under I.C. § 19–2406. In Cantu the defendant was charged in a conspiracy with another individual. An attorney was appointed to represent both defendants. In pre-trial negotiations the prosecutor indicated that, if one of the defendants would plead guilty and agree to testify against the other, he would recommend a reduced sentence. The defense attorney spoke individually with each defendant. However, neither was willing to accept the agreement. The case went to trial and a jury found Cantu guilty.

After trial, Cantu filed a motion for new trial contending that he had received ineffective assistance of counsel in pretrial negotiations because of his attorney's conflict of interest. As in the present case, the district court determined that there was an actual conflict and granted Cantu's motion for new trial. On appeal to the Idaho Supreme Court, the Court determined that an ineffective assistance of counsel claim based on a conflict of interest was not one of the grounds listed in I.C. § 19–2406, therefore, the grant of a new trial on this ground was in error. Cantu, 129 Idaho at 675, 931 P.2d at 1193.

The case at bar is different from Cantu in that the representation here is not of multiple clients. This is a case of possible conflict involving a former client. The Supreme Court's holding in Cantu does not distinguish between these types of conflict in representation. This Court is constrained by the holding of Cantu, and we hold that the district court's grant of a new trial cannot be sustained on the basis that Lopez received inef-

fective assistance of counsel at trial due to a conflict of interest.

## B. Adequate Inquiry into Possible Conflict

■ The district court, perhaps being aware that ineffective assistance at trial was not a permissible basis for a new trial order, based its order on I.C. § 19–2406(5), finding that it had erred in the decision of a question of law arising during the course of the trial.[1] Specifically, the district court found that it had erred in deciding a matter of law of constitutional magnitude, by failing to adequately inquire into the issue of possible conflict in pre-trial proceedings, and by allowing Lopez to waive any conflict.

"Whenever a trial court knows or reasonably should know that a particular conflict may exist, the trial court has a duty of inquiry." *State v. Lovelace,* Docket No. 24373, 140 Idaho ——, 90 P.3d 278, 2003 WL 21697869 (July 23, 2003) (citing *Wood v. Georgia,* 450 U.S. 261, 272–73, 101 S.Ct. 1097, 1103–04, 67 L.Ed.2d 220, 230–31 (1981); *Cuyler v. Sullivan,* 446 U.S. 335, 347, 100 S.Ct. 1708, 1717, 64 L.Ed.2d 333, 346 (1980)). The court must make an inquiry that is both "searching," *Garcia v. Bunnell,* 33 F.3d 1193, 1197 (9th Cir.1994), and "targeted at the conflict issue." *Selsor v. Kaiser,* 81 F.3d 1492, 1501 (10th Cir.1996). If the court determines that an actual conflict of interest exists, it must obtain the defendant's knowing and intelligent waiver to the conflict, or provide the defendant with the opportunity to seek new counsel. *Id.* The adequacy of the inquiry into a conflict of interest is a constitutional issue over which this Court exercises free review. *See State v. Statton,* 136 Idaho 135, 136, 30 P.3d 290, 291 (2001).

The record reflects that the district court had before it statements from defense counsel that there was a possible conflict and that Lopez had agreed to continued representation. Nonetheless, the court appointed separate counsel, a public defender, to inquire into the conflict, determine if it was subject to waiver, and to advise Lopez thereon. The

district court held a hearing to inquire further into the conflict issue.

At hearing, the court confirmed that both defense counsel and the public defender appointed to discuss the conflict issue had met with Lopez and discussed the possible conflict and its implications. The court questioned Lopez about whether he wanted to continue with defense counsel and whether he understood the implications of choosing to continue with defense counsel. The court verified Lopez's understanding of his decision by asking the question in several ways. The court asked the public defender if he believed he had adequately discussed the issue with Lopez, and whether he believed that waiver of any conflict was an appropriate decision. The court also obtained information from the victim's mother, who had worked for the firm at the time of the representation of the victim. Finally, the court asked Lopez's defense counsel about any continuing contacts between the firm and the victim since the representation of the victim in 1990.

In view of the actions taken by the district court, we conclude that the inquiry into the potential conflict was adequate. The district court made it clear that the conflict issue had serious implications. Consistent with this view, the district court appointed Lopez a public defender to advise him. At hearing, the district court specifically inquired of Lopez and his appointed counsel regarding the implications of the conflict and further giving Lopez the option to seek other defense representation for his case. Considering the information presented to the court at the time it addressed the conflict issue pretrial, the district court's inquiry was both "searching" and "targeted at the conflict issue." *See State v. Trefren,* 112 Idaho 812, 736 P.2d 864 (Ct.App.1987). Therefore having conducted the proper inquiry, it cannot be said that the district court erred in the determination of a question of law. Thus, the granting of a new trial based on an inadequate inquiry into the potential conflict was incorrect for purposes of I.C. § 19–2406(5).

---

1. We assume without deciding that an error in a pretrial order that affects the trial falls within the purview of I.C. § 19–2406(5).

## C. Waiver of Possible Conflict

■ In granting a new trial, the district court also believed it had erred in the determination of a question of law by allowing Lopez to waive what the district court determined to be an unwaivable conflict.

■ "An actual or potential conflict cannot be waived if, in the circumstances of the case, the conflict is of such a serious nature that no rational defendant would knowingly and intelligently desire that attorneys representation. *United States v. Schwarz*, 283 F.3d 76, 95 (2nd Cir.2002). Conflicts can be divided into those which implicate the attorneys own self-interest and those which implicate the attorneys ethical obligation to someone other than the defendant, and the former are often more serious than the latter. *See Schwarz*, 283 F.3d at 96; *United States v. Fulton*, 5 F.3d 605, 609 (2nd Cir.1993).

■ In this case, obligations to a former client, involving representation eleven years earlier are implicated. This potential conflict is of a less serious nature because it does not involve a self interest of defense counsel. Possible conflict in representation that pertains to someone other than the defendant or defense counsel is considered subject to waiver.[2] Because the alleged conflict here pertained to Freeman, said alleged conflict was waivable. Therefore, it cannot be said that the district court erred in the determination of a question of law when it allowed Lopez to waive the possible conflict. Thus, the granting of a new trial based on the determination that the possible conflict was not waivable was incorrect for purposes of I.C. 19–2406(5).

## D. Inconsistent Verdicts

■ Lopez argues that the granting of a new trial nevertheless can be upheld on the alternate basis that the jury rendered inconsistent verdicts by acquitting him of the charge of attempted murder and then finding him guilty of aggravated battery, and this fulfills I.C. § 19–2406(4). This Court set out the relevant law regarding inconsistent verdicts in *State v. Ruiz*, 115 Idaho 12, 764 P.2d 89 (Ct.App.1988):

> "Inconsistency" between verdicts is generally understood to mean some logical impossibility or improbability implicit in the jury's findings on several indictments or informations tried together or as between several counts of a single criminal accusation tried without severance of the counts. . . . According to most authorities, consistency between the verdicts on simultaneously tried charges is unnecessary where the defendant is convicted on some counts but acquitted on others, and the convictions will generally be upheld irrespective of their rational incompatibility with the acquittals. . . . This view follows the opinion of the United States Supreme Court in *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932), recently reaffirmed in *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (conviction will not be vacated "merely because the verdicts cannot rationally be reconciled," 469 U.S. at 69, 105 S.Ct. at 479[, 83 L.Ed.2d at 471 . . . ]). However, some jurisdictions, including Idaho, have exhibited greater concern about inconsistency. They have taken the approach that if, upon a consideration of the facts and circumstances of the case, the verdicts can be explained on a rational basis, the verdicts on charges tried together will not be held impermissibly inconsistent. *State v. Garcia*, 102 Idaho 378, 630 P.2d 665 (1981); *State v. Crawford*, 104 Idaho

---

**2.** *See Duncan v. Alabama*, 881 F.2d 1013 (11th Cir.1989) (involving a prosecution for murder, where attorney in defense counsels firm had been representing murder victim at the time of her death); *People v. Martinez*, 869 P.2d 519 (Colo.1994) (involving a murder trial, where defense counsel had previously represented a states witness on an unrelated charge); *People v. Czemerynski*, 786 P.2d 1100 (Colo.1990) (involving a criminal extortion trial, where defense counsel had represented states witness on unrelated felony a few years earlier); *State v. Roman*, 25 Conn. App. 734, 596 A.2d 930 (1991) (involving a prosecution for manslaughter, where defense counsel had previously represented the decedent-victim on an unrelated matter); *Bieghler v. State*, 690 N.E.2d 188 (Ind.1997) (involving a murder trial, where defense counsel had previously represented a states witness on possession of marijuana); *Chandler v. State*, 859 S.W.2d 764 (Mo.Ct.App. 1993) (involving a murder trial, where defense counsel had previously represented states witness and murder victims brother). *See also Daniels v. Alaska*, 17 P.3d 75 (Alaska Ct.App.2001).

840, 663 P.2d 1142 (Ct.App.1983). Thus, the threshold question in this case is whether the verdicts are reconcilable on a rational basis.

*Ruiz,* 115 Idaho at 15, 764 P.2d at 92.

Here, Lopez was charged with attempted murder in the second degree. An element of attempted second degree murder is intent to kill. *State v. Buckley,* 131 Idaho 164, 953 P.2d 604 (1998). The information charging Lopez with attempted murder stated the element of intent to kill. Aggravated battery does not include the element of intent to kill. I.C. § 18–907. Therefore, a rational explanation for the jury's verdict is that the jury had a reasonable doubt that Lopez intended to kill Freeman, as is required for a conviction on attempted second degree murder, but not required for a conviction on aggravated battery. Thus, the verdicts are not inconsistent, and the motion for new trial cannot be sustained in reliance on I.C. § 19–2406(4).[3]

### E. Newly Discovered Evidence

Lopez further argues that the motion for new trial may be affirmed on the alternate theory that new evidence was discovered which was material to the defendant, and which wasn't produced at trial, I.C. § 19–2406(7). Idaho Code § 19–2406(7) imposes upon a defendant the additional obligation to supplement his motion for a new trial based on newly discovered evidence with affidavits from the witnesses who are expected to offer the new evidence. The state correctly states that Lopez did not offer I.C. § 19–2406(7) as a basis for a new trial in his motion; however, at hearing this ground was argued before the district court and rejected.

When the district court asked what the new evidence was, Lopez's defense counsel referred to a police report and a potential affidavit not yet obtained. Apparently, the state's brief to the district court opposing the motion for new trial contained an undisclosed police report Lopez considered material to the case against him. However, the record before us does not contain the briefs of the parties with respect to the motion for new trial, and the substance of this new evidence is not disclosed on the record before us. Lopez bears the burden to provide an adequate record on appeal to support his arguments. *State v. Leferink,* 133 Idaho 780, 785, 992 P.2d 775, 780 (1999).

Considering the record before us, we cannot conclude that the district court abused its discretion in rejecting Lopez's argument on new evidence as a basis for granting a new trial.

## IV.

## CONCLUSION

Based on the foregoing, we reverse the order of the district court granting a new trial. We conclude that, pursuant to *Cantu,* ineffective assistance of counsel based on a possible conflict in representation is not a ground for grant of a new trial under I.C. § 19–2406. We also conclude the district court did not err in the decision of any question of law because it conducted an adequate inquiry and properly accepted Lopez's valid waiver of any conflict. Finally, we conclude that the grounds of newly discovered evidence or "inconsistent verdicts" fail as alternative grounds to sustain the granting of a new trial. Therefore, the district court's order granting a new trial is reversed, and the case is remanded for further proceedings consistent with this opinion.

Chief Judge LANSING and Judge Pro Tem MELANSON concur.

---

3. Lopez also argues that the jury's verdict was compromised. However, Lopez does not cite any portion of the record in support of his argument and we conclude nothing resembling a compromise verdict has been shown. *See* I.A.R. 35(6).