153 P.3d 477

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Scott Hunter CONANT, Defendant–Respondent.**

No. 30305/33010.

Supreme Court of Idaho,
Lewiston, September 2006 Term.

Jan. 26, 2007.

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant. Rebekah A. Cudé argued.

Charles E. Kovis, Moscow, for respondent.

TROUT, Justice.

The State appeals from a district court order granting Defendant Scott Conant's motion to suppress evidence (methamphetamine) seized during a search after his arrest. Conant was arrested for failure to produce identification in violation of Idaho Code § 23–943A, which provides that it is a misdemeanor to refuse to present identification to a peace officer when on premises licensed to sell alcohol. The district court held Conant was not on "premises" licensed to sell alcohol and thus, the arrest was unlawful and any evidence seized as a result of that arrest should be suppressed.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours outside Cadillac Jack's (CJ's), a Moscow nightclub, a Moscow Police Department officer, Officer Lawler, was sitting in his squad car speaking with another officer in a second patrol vehicle. While the officers were speaking with each other, Conant and his friend, Robert Feeley, approached the building in which CJ's is located, on foot. Both appeared intoxicated and when Conant saw the police, he began screaming vulgarities at the officers. In response, one of the officers got on his public speaker and directed Conant to come talk to him. Conant ignored the request and proceeded through the entrance of the building and up the stairs to a landing outside the bar. Entry to the building where the CJ's bar is located is by street-level double doors. Inside the doors there is a set of stairs that leads up to a landing. From the landing, patrons may continue up another set of stairs to the second floor of the building, where CJ's holds all-age events, or they may proceed forward into the nightclub after presenting identification at a "bouncer's station".

Officer Lawler followed Conant and confronted him near CJ's. Because he was concerned about the noise and his ability to talk with Conant, Officer Lawler directed Conant outside and onto the sidewalk. Once outside, the officer asked to see Conant's identification. Conant refused to present it, holding it behind his back. Conant was then arrested for failing to provide identification, pursuant to I.C. § 23–943A[1]. A booking search of Conant yielded a baggie containing just over four grams of methamphetamine. The State charged Conant with possession of methamphetamine as well as failure to provide identification indicating his age. Conant filed a motion to suppress all evidence seized pursuant to his arrest, which the district court granted, holding Conant was not on "premises" licensed to sell alcohol when asked for his identification and, therefore, violated no laws in refusing to provide it.

At the suppression hearing, there was conflicting testimony as to where the initial contact between Conant and the officer occurred. Feeley, the man who was with Conant, testified that Conant was on the landing immediately at the top of the stairs, while Officer Lawler testified Conant had proceeded past the bouncer's station into the bar. The district judge stated that he found the testimony of Feely more credible than the police officer, and concluded the request for identification had taken place on the landing and not inside. On that basis, the district judge concluded there was no legal justification for arresting Conant. Thereafter, in response to the State's motion seeking more definite findings of fact, the judge specifically concluded that Conant was not on CJ's premises, as defined by I.C. § 23–902(13), when the officer asked him to produce his identification. The State appealed and the case was assigned to the Court of Appeals, which affirmed the district court. The State then petitioned this Court for review, which was granted.

1. I.C. § 23–943A provides:

It shall be a misdemeanor for any person to refuse to present identification indicating age, when requested by a peace officer of the state of Idaho when: (a) he or she shall possess, purchase, attempt to purchase or consume alcoholic liquor, as defined by section 23–105, Idaho Code; or (b) he or she shall possess, purchase, attempt to purchase or consume beer as defined by section 23–1001, Idaho Code; or (c) he or she is on a premises licensed to sell liquor by the drink at retail, or licensed to sell beer for consumption on the premises.

## II.

## STANDARD OF REVIEW

 "When considering a case on review from the Court of Appeals, this Court gives serious consideration to the views of the Court of Appeals; however, this Court reviews the trial court's decisions directly." *State v. Statton*, 136 Idaho 135, 136, 30 P.3d 290, 291 (2001). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez–Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995). A trial court's ruling on a motion to suppress evidence combines issues of law and fact. This Court will not overturn the trial court's factual findings unless they are clearly erroneous. *State v. Revenaugh*, 133 Idaho 774, 776, 992 P.2d 769, 771 (1999). Whether a statute applies to a given set of facts is a question of law. *Kidd Island Bay Water Users Coop. Ass'n, Inc. v. Miller*, 136 Idaho 571, 38 P.3d 609 (2001).

## III.

## ANALYSIS

The district court granted Conant's motion to suppress based on its determination that Conant was not on premises licensed to serve alcohol when asked for his identification. On appeal, Conant argues that the shared landing, where he was confronted by law enforcement, does not constitute part of the "premises" of CJ's nightclub pursuant to I.C. § 23–902(13).[2] According to the statute, premises is defined as follows:

"Premises" means the *building and contiguous property owned,* or leased or used under a government permit by a licensee *as part* of the business establishment in the business of sale of liquor by the drink at retail, which property is improved to include decks, docks, boardwalks, lawns, gardens, golf courses, ski resorts, courtyards, patios, poolside areas or similar im-

proved appurtenances *in which the sale of liquor by the drink at retail is authorized under the provisions of law.*

I.C. § 23–902(13) (emphasis added). It is clear that the statute defines premises more broadly than simply the room within which liquor by the drink is sold at retail; it also includes adjoining property owned or used by a liquor licensee, including accompanying property like decks, docks, boardwalks and lawns.

Further, "premises" as used in I.C. § 23–902(13) makes no distinction between the areas where alcohol is sold and other adjoining areas. Statutes making such a distinction use the word "place", as defined by I.C. § 23–942(b), to be "any room of any premises licensed for the sale of liquor by the drink at retail wherein there is a bar and liquor, bar supplies and equipment are kept and where beverages containing alcoholic liquor are prepared or mixed and served for consumption therein...." I.C. § 23–942(b). Thus, the word "place" is used more restrictively when the statute is referring to the actual room where liquor is sold, while "premises" is used to broadly describe the business licensed to serve alcohol, and must necessarily include more area than simply the room where the liquor is sold.

 Based on the foregoing, the landing, which is located immediately adjacent to the entry to the bar and is staffed by a bouncer checking for identification for CJ's, constitutes premises as defined by the statute. Thus, Conant was on premises licensed to sell liquor or beer when confronted by the officer. Pursuant to I.C. § 23–943A, the officer was given the statutory authority to ask Conant for identification indicating his age. When Conant refused to present his identification, he was in violation of the statute and consequently, the officer had probable cause to arrest him. A peace officer may make a warrantless arrest when a person has committed a public offense in the presence of a peace officer. I.C. § 19–603(1). Probable

---

2. Conant was actually escorted to the sidewalk outside the building before the officer asked for Conant's identification. No issue has been raised, however, about the effect of removing Conant from the building before making the re-

quest. Thus, this Court is analyzing the point at which identification was requested, for purposes of this opinion, as if it were requested on the landing.

cause is "the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that such person is guilty." *State of Idaho v. Gibson,* 141 Idaho 277, 282, 108 P.3d 424, 430 (2005) *citing State v. Julian,* 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). In this case, the officer had a reasonable belief that Conant was in violation of I.C. § 23–943A by refusing to present identification while standing on the landing; consequently, the officer had probable cause to arrest Conant. Incident to this valid arrest, the officer was entitled to search Conant's person and thus, the drugs the officer found on Conant should not be suppressed.

## IV.

### CONCLUSION

When initially contacted by the police, Conant was standing on a landing contiguous to the bar, operated as part of the business under the same ownership. Because that meets the definition of "premises licensed to sell liquor by the drink," Conant was required to present identification when requested by a police officer. When Conant refused to present his identification, he was in violation of I.C. § 23–943A, which gave the officer probable cause to arrest him. Incident to Conant's arrest, the officer was entitled to search his person. Therefore, the district court decision granting Conant's motion to suppress is reversed and the case remanded for further proceedings.

Chief Justice SCHROEDER and Justices EISMANN, BURDICK and JONES concur.

