Justice HORTON,
specially concurring.
I join in the opinion of the Court. However, I write to separately explain my reasons for affirming the district court’s denial of Stevens’s motion for new trial generally, and more particularly, the conclusion reached in Part II(B)(2) of the Court’s opinion relating to the issues presented regarding the claim of newly discovered evidence relating to Casey’s eyes.
I. Standard of review of orders on motions for new trial based upon newly discovered evidence.
I think that it is important to consider the appropriate standard of review this Court applies to a motion for new trial based upon newly discovered evidence. “‘Idaho Code § 19-2406 sets forth the only bases for the grant of a new trial.’ ” State v. Christiansen, 144 Idaho 463, 467, 163 P.3d 1175, 1179 (2007) (quoting State v. Gomez, 126 Idaho 83, 86, 878 P.2d 782, 785 (1994)). Idaho Code § 19-2406(7) authorizes a trial court to grant a new trial “[wjhen new evidence is discovered material to the defendant, and which he could not with reasonable diligence have discovered and produced at the trial.”
This Court has stated:
[T]he request for a new trial in a post-conviction proceeding based on newly discovered evidence is the same as a motion for new trial subsequent to a jury verdict. [Rodgers v. State, 129 Idaho 720, 723, 932 P.2d 348, 351 (1997)] Before a new trial can be granted, and irrespective of the form of the request, new evidence must satisfy the four-part test set forth in State v. Drapeau, 97 Idaho 685, 551 P.2d 972 (1976):
A motion based on newly discovered evidence must disclose (1) that the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) that the evidence is material, not merely cumulative or impeaching; (3) that it will probably produce an acquittal; and (4) that failure to learn of the evidence was due in no part to lack of diligence on the part of the defendant.
Id. at 691, 551 P.2d at 978.
Whiteley v. State, 131 Idaho 323, 326, 955 P.2d 1102, 1105 (1998).
This Court has clearly required an applicant for new trial to bear the burden of proving each of the four elements of the Drapeau test. See, e.g., Grube v. State, 134 Idaho 24, 30, 995 P.2d 794, 800 (2000) (“To be granted a new trial on the ground of newly discovered evidence, a defendant must demonstrate that the newly discovered evidence was unknown to the defendant at the time of trial; the evidence is material, not merely cumulative or impeaching; the evidence will probably produce an acquittal; and the failure to learn of the evidence was due to no *151 lack of diligence on the part of the defendant.”).
This Court has consistently followed -the standard of review articulated in State v. Dambrell, 120 Idaho 532, 543, 817 P.2d 646, 657 (1991) (“Whether to grant or deny a new trial is a discretionary matter for the trial court, and we will review the trial court’s decision only to determine if it has abused its discretion.”). See, e.g., State v. Porter, 130 Idaho 772, 791, 948 P.2d 127, 146 (1997); State v. Cantu, 129 Idaho 673, 674, 931 P.2d 1191, 1192 (1997); State v. Roberts, 129 Idaho 194, 197, 923 P.2d 439, 442 (1996); State v. Fields, 127 Idaho 904, 913, 908 P.2d 1211, 1220 (1995); State v. Davis, 127 Idaho 62, 65, 896 P.2d 970, 973 (1995); State v. Gomez, 126 Idaho 83, 86, 878 P.2d 782, 785, (1994); State v. Lewis, 123 Idaho 336, 352, 848 P.2d 394, 410 (1993).
In State v. Powell, 125 Idaho 889, 876 P.2d 587 (1994), this Court first clearly explained that we would apply the now-familiar standard of review for abuse of discretion:
In determining whether the trial court abused its discretion we employ the three-step inquiry the Court adopted in State v. Hedger, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). In doing so, we inquire whether the trial court:
(1) correctly perceived the issue as one involving the exercise of discretion,
(2) acted within the outer boundaries of its discretion and consistently with any legal standards applicable to specific choices it had, and
(3)reached its decision by an exercise of reason.
125 Idaho at 891, 876 P.2d at 589.
The “abuse of discretion” standard applies to all instances in which a trial court considers a motion for new trial. However, Idaho Code § 19-2406 defines seven circumstances in which a new trial may be ordered. I believe that there is a second level of analysis that is appropriate when reviewing a trial court’s findings and conclusions when deciding a motion for new trial. As it relates to motions based upon Idaho Code § 19-2406(7), the record must demonstrate the trial court’s recognition that the motion involves the exercise of discretion, that the Drapeau criteria are applicable to the choices of granting or denying the motion, and that the trial court exercised reason in reaching its conclusion. In addition, in the second level of analysis, I believe that this Court should identify the standard of review governing the underlying Drapeau questions addressed by the trial court.
As the Court’s opinion correctly notes, the decision whether to grant a motion for new trial based upon newly discovered evidence involves mixed questions of law and fact. It appears to me that the first question, whether “the evidence is newly discovered and was unknown to the defendant at the time of trial,” and the fourth question, whether the “failure to learn of the evidence was due in no part to lack of diligence on the part of the defendant,” present purely factual issues.[3] As to the trial court’s resolution of these issues, I believe that we ought to apply our well-established standard that “[t]he trial court’s factual findings will not be overturned *152 unless they are clearly erroneous.” State v. Rogers, 144 Idaho 738, 740, 170 P.3d 881, 883 (2007) (citing State v. Conant, 143 Idaho 797, 799, 153 P.3d 477, 479 (2007)).
I believe that the trial court’s resolution of the two remaining questions are more appropriately subject to an abuse of discretion standard. The second question, whether the evidence is material, not merely cumulative or impeaching, appears to be a purely evidentiary question. “When reviewing the trial court’s evidentiary rulings, this Court applies an abuse of discretion standard.” Foster v. Traul, 145 Idaho 24, 28, 175 P.3d 186, 190 (2007) (applying three-step inquiry).
Similarly, the determination of the third question, whether the evidence will probably produce an acquittal, involves the exercise of discretion as it involves a weighing of the evidence. In the past, this Court has noted the weighing process employed by the trial court in the resolution of this question. See State v. Fields, 127 Idaho 904, 913-14, 908 P.2d 1211, 1220-21 (1995) (affirming trial court’s denial of a motion for new trial); Powell, 125 Idaho at 891, 876 P.2d at 589 (“In reaching its conclusion on this aspect of the Drapeau analysis, the trial court did not reject the [evidence] or devalue it, but merely weighed it against the evidence presented at trial to determine whether the [evidence] would probably produce an acquittal in a new trial.”) This Court has frequently characterized the trial court’s weighing of evidence as involving the exercise of discretion. See, e.g., Stewart v. Stewart, 143 Idaho 673, 678, 152 P.3d 544, 549 (2007) (“Here, the magistrate judge correctly perceived that he had great discretion in weighing the strength and credibility of the evidence.”); Sheridan v. St. Luke’s Reg’l Med. Ctr., 135 Idaho 775, 781, 25 P.3d 88, 94, (2001) (“The district judge’s determination to discount the testimony of the defendant’s expert witnesses was a proper exercise of his discretion in weighing the demeanor, credibility and persuasiveness of the evidence.”); Levin v. Levin, 122 Idaho 583, 587, 836 P.2d 529, 533 (1992) (“After a review of the record, we are satisfied that the magistrate did not abuse its discretion in weighing the evidence____”).
II. Analysis of issues presented by Stevens’s motion relating to Casey’s eyes.
As the Court’s opinion indicates, Stevens’s motion for new trial relied, in part, on evidence suggesting that the injuries to Casey’s eyes occurred following his death and were not indicative of “shaken baby syndrome.” This evidence consisted of a report by Det. Jim Miller that was prepared following the second trial and affidavits from Drs. Cyril Weeht and Patrick Lantz. Det. Miller’s report was created after the prosecutor requested that he follow up on an inquiry from the defense as to whether Casey’s eyes were removed after embalming. Det. Miller concluded that “it appears” that Casey’s eyes were removed after his body was embalmed. Dr. Weeht reviewed “the medical records, particularly those regarding the condition of the eyes as described by the eye pathology report.” Dr. Weeht opined “that the post-embalming removal of the eyes caused the damage to and around the macular and the retinal folds; or at the very least, that such a mechanism of injury could not possibly be ruled out....” Dr. Lantz “reviewed the eye pathology slides of the eyes.” Dr. Lantz opined that “[t]he degree of [retinal detachment is not consistent with occurring during life. There is no hemorrhage associated with the retinal folds and detachments.”
The trial court clearly decided the motion for new trial, as it related to Casey’s eyes, on the fourth element of the Drapeau test, i.e., “that failure to learn of the evidence was due in no part to lack of diligence on the part of the defendant.” As noted in Part I of this special concurrence, Stevens bore the burden of proving this element. The trial court concluded that Stevens failed to prove this fact.
The trial court stated: “The first issue is whether the post-embalming removal of Casey’s eyes constitutes newly discovered evidence that could not have been obtained through due diligence. I find that it does not.” The trial court noted that Det. Miller’s investigation of the issue was prompted by a request from the defense, concluding “[t]here is no showing that the embalming report could not have been obtained prior to trial with the exercise of due diligence.” As to *153 the experts’ proposed testimony, the trial court stated:
The most that can be said is that the Defendant has found some new experts to review the tissue slides and photographs, but he has not shown that such opinion testimony could not have been obtained prior to trial through the exercise of reasonable diligence.
The evidence that Stevens submitted in support of his motion did not address two obvious questions: (1) why did the defense wait until after the second trial before inquiring as to when Casey’s eyes were removed?; and (2) why didn’t the defense procure expert testimony interpreting the tissue slides and photographs in advance of the second trial? There was simply no evidence presented that addressed these subjects. Rather, Stevens submitted that the evidence upon which he relied was not discovered earlier because the State willfully failed to disclose exculpatory evidence. The only evidence supporting this claim was presented by way of the affidavit of Glenn Elam, the defense investigator. His affidavit stated:
While reviewing the state’s discovery, at no time did I see any type of disclosure by the state ... indicating that the eyes of Casey Whiteside had been removed after being outside of the state’s chain of custody, and after being embalmed. The state’s failure to disclose the fact to the defense was a critical omission regarding a key piece of physical evidence....
The trial court rejected Stevens’s claim, stating: “The Defendant argues that the State intentionally did not disclose that [sic] the fact that Casey’s eyes were removed after the autopsy and/or after embalming. I do not find this argument credible or convincing.” There is substantial evidence to support this finding by the trial court. In the absence of any other evidence that would support a conclusion that the evidence relating to Casey’s eyes could not have been discovered in the exercise of reasonable diligence, Stevens simply failed to meet his burden of proof as to the fourth element of the Drapeau test. Accordingly, I concur in Part II(B)(2) of the Court’s opinion.
For the foregoing reasons, I concur with the Court’s opinion.

. In State v. Lewis, 123 Idaho 336, 848 P.2d 394 (1993), this Court implicitly recognized the factual nature of the determination of the fourth question. The Court affirmed the trial court’s denial of a motion for new trial. The trial court "found, inter alia, that Lewis had not acted with due diligence to discover the new evidence...." Id. at 340, 848 P.2d at 398. Reviewing this finding, this Court emphasized the facts supporting the trial court’s finding:
Lewis’ motion for a new trial was based upon Michael Carver’s and Joie Hein's statements concerning the whereabouts of a videotape on the day the alleged conduct occurred between Lewis and the victim. The victim testified that he had watched certain portions of the videotape with Lewis on this day. Subsequent to the trial. Carver and Hein signed affidavits stating that Carver, who was Lewis' roommate, had loaned the videotape in question to Hein, and Hein was still in possession of it on the day the victim testified that he had watched it with Lewis.
As to the diligence question, the court found that while Lewis was in jail prior to the trial, Carver visited Lewis forty-five times, and Hein visited Lewis ten times, and that both Carver and Hein were frequently at the courthouse proceedings relating to Lewis.
Id. at 352, 848 P.2dat410.