## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 42627

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 741 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: December 2, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| THOMAS K. HOOLEY, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

Order denying motion for a new trial without an evidentiary hearing, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Thomas K. Hooley appeals from the district court's denial of his motion for a new trial without granting an evidentiary hearing. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A jury convicted Hooley of aiding and abetting aggravated battery and first degree kidnapping. After his conviction, Hooley filed a motion for a new trial and later requested an evidentiary hearing in support of a claim of juror misconduct by Juror 26. According to Hooley's offer of proof, Juror 26 was the former chief of police for the Wendell City police department. Juror 26 did not specify his prior employment in his jury questionnaire. Rather, he wrote that he was retired and his former employer was the City of Wendell. He answered affirmatively that he had friends or family in law enforcement and did not respond when asked in

1

voir dire if he knew the prosecutor or any officers identified as witnesses to testify for the prosecution. Juror 26 became the jury foreperson and the jury found Hooley guilty of both aiding and abetting aggravated battery and first degree kidnapping.

After Hooley discovered that Juror 26 was the former chief of police for Wendell City, he filed a motion for a new trial and requested an evidentiary hearing to prove juror misconduct. The motion was supported by affidavits from defense counsel that explained their discovery of the juror's prior employment. A hearing was held on the motion. Hooley asserted that the statements contained in the motion and affidavits were meant as an offer of proof sufficient to grant a new trial. Hooley also believed that if he were granted an evidentiary hearing, he could prove that Juror 26 had a relationship with the Gooding County prosecutor's office and knew a deputy that testified. The district court did not specifically address the request for an evidentiary hearing and denied the motion for a new trial. The court found that Hooley failed to make a sufficient showing of juror misconduct. Hooley timely appeals.

## II.

## ANALYSIS

A decision on a motion for new trial is reviewed under an abuse of discretion standard. *State v. Egersdorf*, 126 Idaho 684, 687, 889 P.2d 118, 121 (Ct. App. 1995). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989). Whether a trial court properly applied a statutory provision to the facts of a particular case is a question of law over which we exercise free review. *State v. Horn*, 124 Idaho 849, 850, 865 P.2d 176, 177 (Ct. App. 1993).

A trial court has discretion to order a new trial "if required in the interest of justice" but Idaho Code § 19-2406 limits the trial court's discretion by providing the only grounds permitted for granting a new trial. *State v. Ellington*, 157 Idaho 480, 485, 337 P.3d 639, 644 (2014) (quoting *State v. Cantu*, 129 Idaho 673, 675, 931 P.2d 1191, 1193 (1997)). A new trial may be granted for jury misconduct if "fair and due consideration of the case has been prevented." I.C. § 19-2406(3). To establish juror misconduct, the defendant must meet a two-part test. The

defendant "must present clear and convincing evidence that juror misconduct has occurred," and he must prove that such misconduct "reasonably could have prejudiced the defendant." *State v. Reutzel*, 130 Idaho 88, 96, 936 P.2d 1330, 1338 (Ct. App. 1997).

First, the district court correctly perceived the issue as one of discretion. During the motion hearing, the district court reasoned that it "does not believe that there has been a sufficient showing made to justify a new trial based on juror misconduct, so on that basis, the Court would deny the motion." The language used by the district court clearly shows that it correctly perceived the issue as one of discretion. It weighed the arguments presented by both parties and considered the offer of proof presented by defense counsel. The court used its discretion to determine that there was an insufficient showing to support a finding of juror misconduct.

Second, the district court acted within the bounds of its discretion and correctly applied the applicable legal standards. Whether or not to hold an evidentiary hearing is a decision left to the sound discretion of the district court. *See State v. Strange*, 147 Idaho 686, 689, 214 P.3d 672, 675 (Ct. App. 2009) (stating "Where the trial court denies a motion for new trial after conducting an evidentiary hearing, we defer to the court's findings of fact.") (citation omitted). When the issue presented is the failure of a juror to answer questions honestly during voir dire, the defendant must demonstrate that (1) a juror failed to answer honestly a material question, and (2) that a correct response would have provided a valid basis for a challenge for cause. *Reutzel*, 130 Idaho at 96, 936 P.2d at 1338; *see also State v. Tolman*, 121 Idaho 899, 902, 828 P.2d 1304, 1307 (1992), *overruled on other grounds by State v. Grist*, 147 Idaho 49, 205 P.3d 1185 (2009).

Hooley argues that he provided prima facie evidence that Juror 26 purposefully hid that he knew a testifying officer and had a prior relationship with the Gooding County prosecutor's office. To support his contention, Hooley provided an offer of proof to the district court during the hearing on the motion. The offer of proof included: (1) Juror 26 was a former Wendell City police officer and at one point was the acting chief of police, (2) Juror 26 did not reveal that information on his questionnaire or during voir dire, (3) four of the deputies who testified had worked for the Gooding County sheriff's department between six and seventeen years, and (4) Juror 26 became the foreperson and the jury found Hooley guilty on both counts.

The district court identified the correct legal standards and then found that there was no evidence that Juror 26 failed to answer any material question honestly, or that a different

response to the questions asked would provide a challenge for cause as to the juror. The district court explained:

> The defendant does not allege or assert that it would have had cause to excuse Juror 26.
>
> Juror 26, on his questionnaire . . . disclosed that he was retired, had worked for the City of Wendell. He also disclosed that he was related or friends with law enforcement. Juror 26 was not specifically asked whether he had been employed in law enforcement.

In addition, there is nothing other than speculation from Juror 26's prior employment that he "purposefully hid" his knowledge of anyone in the Gooding County prosecutor's office or the Gooding County sheriff's department that testified.

Furthermore, Hooley is not arguing that the district court's identification and understanding of the applicable law is incorrect. He does, however, contend that the applicable law "simply does not work" where a juror "purposefully" hides material information, without legal support for the argument. Hooley effectively concedes that he lacks any actual proof of juror misconduct by asserting in his brief that "an evidentiary hearing would have allowed Mr. Hooley to explore why Juror 26 failed to reveal this information" (referring to the information contained in the offer of proof), and "[i]f proven to be true," the information was purposefully withheld and would prove juror bias. No argument asserted by Hooley would, on its face, justify a challenge for cause against Juror 26. Hooley has failed to present clear and convincing evidence of juror misconduct. Thus, if the district court reached its decision by an exercise of reason, the decision will be upheld.

Third, the district court reached its decision by an exercise of reason. The district court reasoned that because Juror 26 was not asked whether he was employed in law enforcement, the defense could not show that he failed to answer the question honestly. Further, the court reasoned that even if Juror 26 had revealed that he was the former chief of police, the answer would not have provided a valid basis for a challenge for cause. Similarly, there is no proof that Juror 26 knew the testifying deputies or had connections to the Gooding County prosecutor's office but even if he did, that information alone would not be enough to challenge him for cause.

## III.

## CONCLUSION

Hooley has failed to show an abuse of discretion by the district court, or present any evidence of juror misconduct. The district court's decision to deny the motion for a new trial

4

without an evidentiary hearing was not an abuse of discretion. The order of the district court denying Hooley's motion for a new trial without an evidentiary hearing is affirmed.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.